IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES CHARLES FUDGE,

      Plaintiff,

    v.

CHRISTINA TOWERS, et al.,

      Defendants.

Case No. 6:23-cv-00986-YY

ORDER

BAGGIO, Judge

    Plaintiff, an adult currently in custody at the Snake River Correctional Institution ("SRCI") brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court is Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 36). For the reasons that follow, the Court DENIES Plaintiff's Motion.

    Plaintiffs Complaint alleges claims related to a prison disciplinary proceeding that took place in 2021 at the Oregon State Penitentiary and which resulted in Plaintiff's placement in administrative segregation for a period of time and in his subsequent placement in the intensive management unit ("IMU"). Plaintiff now moves for a preliminary injunction preventing the Oregon Department of Corrections ("ODOC") from placing Plaintiff in IMU at SRCI as a result of a new, unrelated July 2024 prison disciplinary proceeding.

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a

1 - ORDER

preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of Southern. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In order to establish a likelihood of success on the merits, a Plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted fully." *Id*. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see also Saddiq v. Ryan*, 703 F.App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Here, the claims underlying Plaintiff's motion are different from the claims underlying his Complaint. Accordingly, the Court lacks authority to grant the preliminary injunctive relief Plaintiff seeks. Moreover, Plaintiff has not established a likelihood of "success on the merits"

2 - ORDER

sufficient to justify the extraordinary relief sought or that he will suffer irreparable harm. Finally, the balance of equities and public interest strongly favor Defendants as there is a compelling public interest in maintaining prison discipline and security. *See Cutter v. Wilkinson* 544 U.S. 709, 725 n.13 (2005).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 36) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of October, 2024.

Amy M. Baggio
United States District Judge

3 - ORDER